UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:21-cv-01057-CAS(KSx) | Date | February 22, 2021 |
|---|---|---|---|
| Title | COUNTY OF VENTURA, ET AL V. HOUSE OF GAINS GYM, INC., ET AL | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:**   **(In Chambers) - ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED**

## I.   INTRODUCTION

On February 8, 2021, plaintiffs County of Ventura and Robert Levin, M.D., in his official capacity as Health Officer for the County of Ventura, (collectively, "plaintiffs"), filed a complaint for violation of public health orders and public nuisance in Ventura County Superior Court against defendants House of Gains Gym, Inc., David Figg, and Does 1-100 (collectively, "defendants").

On February 4, 2021, defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446. Dkt. 1 ("NTC of Removal"). Defendants claim that this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action "aris[es] under the Constitution, laws, or treaties of the United States." Specifically, defendants contend that jurisdiction in this Court is proper because the public health orders plaintiffs seek to enforce "arise under the Federal Executive Orders and Stay at Home Orders issued by Governor Gavin Newsom and the State of California under their Constitutional powers." Id. at 2.

On February 5, 2021, the Court issued an order to show cause why this action should not be remanded to Ventura County Superior Court for lack of subject matter jurisdiction. Dkt. 8. Defendants filed a response on February 19, 2020. Dkt. 9. After considering defendants' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:21-cv-01057-CAS(KSx) | Date | February 22, 2021 |
| Title | COUNTY OF VENTURA, ET AL V. HOUSE OF GAINS GYM, INC., ET AL | | |

## II.  Legal Standard

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court.  See 28 U.S.C. § 1441(a).  Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to show that subject matter jurisdiction exists.  See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction").  See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, at *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction).

Whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under this rule, the federal question "must be disclosed upon the face of the complaint, unaided by the answer."  Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936); see also Phillips Petrol. Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974).  To the extent that defendant has attempted to create subject matter jurisdiction by alleging a federal defense, such attempts are unavailing because a federal defense is not part of a plaintiff's claim.  See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (explaining that a defense "does not appear on the face of a well-pleaded complaint and, therefore, does not authorize removal to federal court").  Therefore, federal jurisdiction may not be based on an anticipated defense created by federal law.  Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983); see Cal. Equity Mgmt. Grp., Inc. v. Jiminez , 2013 WL 1748051, at *1 (N.D. Cal. April 23, 2013) ("[A] defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses.") (remanding unlawful detainer action); OP Dev., Inc. v. Pascal , 2011 WL 3687636, at *2 (E.D. Cal. Aug. 23, 2011) ("Defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed.").

## III.  DISCUSSION

The Court finds that it lacks subject matter jurisdiction over this action.  Defendants allege that jurisdiction is proper on the basis of federal question jurisdiction, but the only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:21-cv-01057-CAS(KSx) | Date | February 22, 2021 |
| Title | COUNTY OF VENTURA, ET AL V. HOUSE OF GAINS GYM, INC., ET AL | | |

claims plaintiffs assert are state law claims for violation of public health orders and public nuisance, which do not arise under federal law. In their notice of removal, defendants claim that "[t]he Public Health Orders arise under the Federal Executive Orders and Stay at Home Orders issued by Governor Gavin Newsom and the State of California under their Constitutional powers." NTC of Removal at 2. However, the notice of removal does not identify any specific federal law under which plaintiffs' claims arise, and the federal constitution does not provide a basis for federal question jurisdiction as to health orders issued by the State of California.

In their response to the order to show cause, defendants maintain that this Court possesses federal question jurisdiction because the instant case involves entities who are also party to a separate, related action, Mission Fitness, et al. v. Newsom, et al., (Case No. 20-cv-09824-CAS-KS) (the "Mission Fitness action") and the "two cases also share the same Constitutional issues, making them related cases and subjecting the instant case to removal." Dkt. 9 at 2. While the two actions may concern related parties and conduct, however, the existence of the Mission Fitness action does not impact the scope of the Court's jurisdiction over this case. Because plaintiffs' well pleaded complaint in this action asserts claims only under state law, this action does not "arise under" federal law for purposes of federal question jurisdiction. That conclusion is not altered by defendants' intention to assert federal defenses challenging the constitutionality of the public health orders plaintiffs seek to enforce because such defenses cannot support federal question jurisdiction. See Metro Life Ins. Co., 481 U.S. at 63. Accordingly, there is no federal subject matter jurisdiction.

### III. CONCLUSION

In accordance with the foregoing, this action this action is hereby **REMANDED** to Ventura County Superior Court.

IT IS SO ORDERED

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |